IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KENNETH D. LEEK,**

    **Plaintiff,**

    v.                                                                                  **CASE NO. 20-3051-SAC**

**LINDA J. SCOGGIN, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action under 42 U.S.C. § 1983. Plaintiff is incarcerated at the Hutchinson Correctional Facility in Hutchinson, Kansas ("HCF"). This matter is before the Court on Plaintiff's Motion for the Appointment of Counsel (Doc. 36). The Kansas Department of Corrections Defendants have filed a Response in Opposition (Doc. 37) to Plaintiff's motion.

Plaintiff argues that he is unable to afford counsel, the issues in this case are complex, Plaintiff is in long-term segregation without proper law library access, Plaintiff is unable to respond to pending motions, and Plaintiff has limited knowledge of the law. The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner]

in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) it is not clear at this juncture that Plaintiff has asserted a colorable claim against a named defendant; (2) the issues are not complex; and (3) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice to refiling the motion at a later stage of the proceedings.

Defendants Scoggin and Skalinder have filed a Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 34). Therefore, the Court denies as moot their Motion to Dismiss (Doc. 30) Plaintiff's original Complaint.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's Motion for the Appointment of Counsel (Doc. 36) is **denied without prejudice.**

**IT IS FURTHER ORDERED** that the Motion to Dismiss (Doc. 30) filed by Defendants Scoggin and Skalinder is **denied as moot.**

**IT IS SO ORDERED.**

**Dated December 22, 2020, in Topeka, Kansas.**

                                      **s/ Sam A. Crow**
                                      **Sam A. Crow**
                                      **U.S. Senior District Judge**