Mr. Kenneth D. Leek #63523
H.C.F. 500 Reformatory Rd.
Hutchinson, Ks 67504-1568

UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

KENNETH D. LEEK, )
    Plaintiff, )
                           )
vs.                  ) Case No. 20-3051-SAC
                           )
LINDA J. SCOGGIN, et. al. )
    Defendants. )

### MOTION FOR RECONSIDERATION

    Plaintiff KENNETH D. LEEK, pursuant to the Federal Rules of Civil Procedure, requests this Court to reconsider its opinion in the memorandum and Order entered on December 22, 2020 denying his request for the appointment of counsel. In support he submits the following:

    The Court is correct in its position that in deciding whether to appoint counsel it must evaluate " the merits of a prisoner's claims, the nature and

complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." Hill v. SmithKline Beecham Corp., 393 F.3d 1111, 1115 (10th Cir. 2004) That said, it is unclear to plaintiff how the court denied his motion because "Plaintiff appears capable of adequately presenting facts and arguments."

    First, almost all plaintiff's pleadings were researched and filed by him while he was still in the prison general population and had direct access to the law library. Under those circumstances it could be said plaintiff is capable of presenting his facts and arguments. Those are no longer plaintiff's circumstances.

    In plaintiff's motion he advised the Court that the law library research computers were totally shut down due to an alleged security breach. He further advised that the library clerks have little to no knowledge of the law and are in no position to assist him with researching and responding to defendants' motion to dismiss. Clearly, plaintiff is not "capable of presenting his facts and arguments" under those circumstances. Further, the fact that plaintiff is in a long-term administrative segregation living unit with no physical access to the law library supports the appointment of counsel by itself. Rayes v. Johnson, 969 F.2d 700, 703-704 (8th Cir. 1992)

In closing, plaintiff understands how reluctant courts are to appoint counsel to prisoners. Even so, if plaintiff does not receive the assistance of an attorney he cannot do anything to properly present his claims or defend himself from the law firms hired by defendants.

WHEREFORE and because of the above plaintiff asks this Court to reconsider its prior decision and to appoint counsel to represent him.

Respectfully Submitted,
Kenneth D. Leek
KENNETH D. LEEK

CERTIFICATE OF SERVICE

The undersigned hereby certifies that he hand delivered the above MOTION FOR RECONSIDERATION to prison officials for e-filing to the United States District Court, District of Kansas, on this 30th day of December, 2020

Kenneth D. Leek
KENNETH D. LEEK

(3)